**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Paul Killgo, et al., | No. CV11-8192 PCT DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Kelly Gregorio, Yavapai County Superior Court Clerk, et al., | |
| Defendants. | |

Plaintiffs filed a pro se complaint against Defendants on December 5, 2011. Doc. 1. On December 9, 2011 Defendant Diana K. March filed a motion to dismiss the complaint for failure to state a claim to relief. Doc. 4. Plaintiffs failed to respond to the motion within the time limit set forth in the rules of procedure. *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(d). The Court issued an order giving Plaintiffs until May 11, 2012 to file a response to the motion to dismiss. Doc. 16. Plaintiffs have failed to comply with that order. For reasons stated below, the Court will dismiss this action without prejudice.

The Court advised Plaintiffs that even though they are proceeding pro se, they are still required to follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. Doc. 16 at 1-2. Plaintiffs were provided information as to where they could obtain copies of the rules. *Id.* The Court explicitly warned Plaintiffs that if they did not file a response to the motion to dismiss by the May 11, 2012 deadline, the Court would summarily grant the motion pursuant to Local Rule 7.2(i). Plaintiffs were further warned that if they failed to prosecute this action, or if they failed to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Before dismissing a case for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors favor dismissal. Plaintiffs filed this suit more than five months ago. Doc. 1. They were served with the motion to dismiss in early December, 2011. Doc. 4. They have had more than five months to respond to the motions, but have failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiffs' failure to prosecute this action weighs in favor of dismissal. The risk of prejudice to Defendants also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh. Dismissal without prejudice is, however, an appropriate alternative sanction. The overall five-factor analysis favors dismissal. The Court, therefore, will dismiss this action without prejudice for Plaintiffs' failure to prosecute, failure to follow the rules, and failure to comply with the Court's order (Doc. 16).

**IT IS ORDERED:**

1. This action is **dismissed** without prejudice.

2. The Clerk is directed to terminate this action.

DATED this 15th day of May, 2012.

_____
David G. Campbell
United States District Judge